# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA MCLEAN,<br><br>    Plaintiff,<br>vs.<br><br>AURORA LOAN SERVICING, etc., et al.,<br><br>    Defendants. | CASE NO. 11cv0455-LAB (NLS)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Angela Mclean moves for a preliminary injunction to grant access to her online mortgage account and to return her monthly mortgage payment to its pre-suit amount. Mclean alleges that Defendant Aurora Loan Servicing raised her monthly mortgage payment and locked her out of her online account in retaliation for filing of this suit, which contests the assignment of her mortgage to Aurora and its alleged refusal to engage in a fair loan modification process. (Compl. at ¶¶ 12–20.) Mclean has failed to demonstrate that she will likely suffer irreparable harm absent the granting of her motion for a preliminary injunction.

## I.  DISCUSSION

A preliminary injunction is "an extraordinary and drastic remedy" that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Munaf v. Green*, 553 U.S. 674, 689–90 (2008) (quoting 11A Wright & Miller, *Federal Practice & Procedure* § 2948 (2d ed. 1995)). There are four elements a plaintiff must clearly demonstrate in order

to obtain a preliminary injunction: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent the preliminary injunction; (3) the balance of equities favors the plaintiff; and (4) the injunction is in the public interest. *See Winter v. Natural Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008). However, if a plaintiff cannot demonstrate the likelihood of irreparable harm absent the preliminary relief, the Court does not need to address the other three elements. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

The harm the plaintiff seeks to prevent with the preliminary injunction must be both *likely* and *irreparable*. "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis added) (citation and internal quotation marks omitted).

The first harm that Mclean alleges will befall her without preliminary relief is her continued inability to access her online mortgage account. Mclean claims to have been "locked" out of her account since March 2011. However, Mclean has not alleged facts showing that her inability to access her account online has or will injure her irreparably. Mclean has been informed of her mortgage payments in advance of their due dates and has paid them in full each time. (Mot. for Prelim. Inj. at 6 ("Ms. Mclean continues to make her payments on time, despite the fact that she has no access to her account . . . .")) Out of distrust for Aurora, she has declined to make payments by mail, and instead has used Western Union. (Decl. of Mclean, ¶ 7.) While having access to a mortgage account online would be more convenient than having to make payments by mail (or some alternative such as the one Mclean is using), denial of this convenience does not constitute irreparable harm.

The second harm that Mclean alleges is the "financial harm of an unexplained increase in her monthly mortgage payment," a purely economic harm. However, economic injury, by itself, does not constitute irreparable harm. *See Rent-A-Center, Inc. v. Canyon TV*

*& Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Except in unusual circumstances, *see* Wright & Miller, *supra*, when a plaintiff can be made whole through pecuniary damages there is no *irreparable* harm. The increased mortgage payments do not justify the extraordinary measure of a preliminary injunction.

Mclean alleges her property may be foreclosed on, and her credit rating damaged. This harm, however, is too speculative to merit the granting of the preliminary injunction. Mclean mistakenly relies on *Simula v. Autoliv*, 175 F.3d 716, 724 (9th Cir. 1999), for the proposition that she must demonstrate a "significant threat of irreparable injury." (Mot. for Prelim. Inj. at 6.) But the standard is that irreparable harm must be *likely*. *See Cottrell*, 632 F.3d at 1131. Though Mclean has been able to pay the increased mortgage payments, she says that because her husband's pay was cut and because they are expecting a child, she cannot afford her current mortgage obligations. (Dec. of Mclean at ¶ 16.) While the loss of real property through foreclosure may constitute irreparable harm in some cases,[1] Mclean has not shown the likelihood of foreclosure. Nor has she shown it is likely Aurora will damage her credit rating by reporting her non-payment of disputed amounts to credit bureaus.

Mclean in passing also mentions Aurora's failure to modify her loan, despite repeated requests and extensive correspondence, as giving rise to irreparable harm. (Mot. for Prelim. Inj. at 5:3–5.) But the complaint does not seek loan modification, and Mclean has no statutory right to loan modification. *Mabry v. Superior Ct.*, 185 Cal.App.4th 208, 231 (Cal. App. 4 Dist. 2010).

None of the Court's discussion of these issues is intended as a ruling or comment on the merits. It may be that Mclean is being treated unfairly by Aurora. But the fact remains, she has not shown that she will likely suffer irreparable harm absent preliminary relief. The Court does not reach the other *Winter* factors *See Ctr. for Food Safety*, 636 F.3d at 1174.

---

[1] Mclean cites *Sundance Land Corp. v. Cmty. First Fed'l Sav. & Loan Ass'n*, 840 F.2d 653 (9th Cir. 1988) for the proposition that loss of real property may constitute a threat of irreparable injury. But this does not address the problem here, that foreclosure is only speculative at this point.

## II. CONCLUSION

For these reasons, the Court holds that Mclean has not alleged and cannot show a likelihood of irreparable harm. Mclean's motion for a preliminary injunction is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: October 3, 2011

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge