# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA MCLEAN, | CASE NO. 11cv0455-LAB (NLS) |
| Plaintiff, | **ORDER DENYING MOTION FOR REMAND; AND** |
| vs. | |
| | **ORDER GRANTING IN PART MOTION TO DISMISS** |
| AURORA LOAN SERVICING, et al., | |
| Defendants. | |

This action was removed from state court on March 4, 2011, on the basis of diversity jurisdiction. At the time of removal, Plaintiff Angela Mclean was proceeding *pro se*, but since that time she has obtained counsel and is now represented by them. The action concerns a dispute with a loan servicer.

**Motion to Remand**

Immediately after removal, Ms. Mclean, then proceeding *pro se*, moved for remand. Her theory is based on an understanding that federal question jurisdiction is lacking over some of the claims. But this motion fails because Defendants removed on the basis of diversity jurisdiction. The notice of removal alleges complete diversity among the parties, and the requisite amount in controversy. The motion for remand (Docket no. 6) is therefore **DENIED**.

**Motion to Dismiss**

Defendants have moved to dismiss based on failure to state a claim, and failure to join a necessary party. Ms. Mclean's opposition, which was filed by her counsel, concedes that her quiet title claim has not been adequately pleaded. It agrees she has not joined her co-borrower (her husband, Mikel Mclean) as a party and says she could do so if needed, but also argues the co-borrower is not a necessary party. Defendants argue Mr. Mclean is a necessary party because his absence could subject them to multiple or inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).  For example, they point out that should Ms. Mclean be unsuccessful in this action, Mr. Mclean could then sue on the same facts and theories. For her part, Ms. Mclean simply argues Mr. Mclean probably would be bound by the judgment.  (Opp'n to Mot. to Dismiss, 13:18–19 ("[A]ny determinations on the merits made by this Court would most likely preclude Mr. Mclean from asserting the same claims brought in the instant action.")) But the general rule is that absent parties are not bound by judgments in personam in litigation to which they are not parties, even if the issues are the same. *See Puyallup Indian Tribe v. Port of Tacoma*, 717 F.2d 1251, 1254 (9th Cir. 1983) (explaining that trustee holding legal title would not be bound by judgment to which beneficial owner was a party, unless trustee was formally joined as a party).

The Court therefore concludes Mr. Mclean is a necessary party, and because Ms. Mclean concedes he can feasibly be joined, the complaint will be dismissed without prejudice.

Although the complaint suggested Ms. Mclean was bringing a "produce the note" action, her opposition to the motion to dismiss clarifies that she isn't challenging her obligation to make mortgage payments; rather, she is challenging whether Aurora Loan Servicing (rather than some other lender or assignee) has the right to collect her mortgage payments. In fact, the complaint does appear to be a "produce the note" action, seeking to enjoin a foreclosure sale. *See, e.g.*, Compl., ¶¶ 14 ("AURORA LOAN SERVICING has consistently refused to produce the original Note and relevant assignments of the Deed of Trust."), 24 ("It is fundamental and basic that a party seeking to exercise a right (here, the

power of sale) has the contractual right to do so at the time of its exercise.") In general, such "produce the note" cases fail because, under California law, the loan trustee on a promissory note secured by a deed of trust need not have the original promissory note in its possession in order to proceed with a nonjudicial foreclosure. *See Sicairos v. NDEX West, LLC,* 2009 WL 385855 at *2–3 (S.D.Cal. Feb. 13, 2009).

Aurora argues that Ms. Mclean's claim for declaratory relief is improper because no actual dispute exists between the parties, and that her claim for unfair business practices fails because she has not alleged any unlawful, unfair, or fraudulent business practices. That may be true with regard to the complaint as it now exists, but it does not follow that the complaint cannot be amended to raise these claims. If, as Ms. Mclean believes, Aurora is demanding and collecting mortgage payments even though it is not entitled to do so, that would be an unfair business practice. Supposing that to be true, Aurora would have been collecting money it had no right to, and leaving the Mcleans subject to later demands for payment by the true assignee.  It may be that this is the proper subject for declaratory relief, although until the claim is properly pleaded, it is uncertain.

The motion to dismiss is **GRANTED IN PART**. The complaint is **DISMISSED WITHOUT PREJUDICE**. No later than 21 calendar days from the date this order is issued, Plaintiff may file an amended complaint joining Mr. Mclean as a party and including only claims that meet the standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Because Ms. Mclean has represented that she is currently making mortgage payments and is not in danger of foreclosure, she must not include claims pertaining to either judicial or nonjudicial foreclosure, unless circumstances have changed and she provides an explanation of this.

**IT IS SO ORDERED**.

DATED: 2/16/2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge